CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for
JUN 23 2009
JOHN F. CORCORAN, CLERK
BY: H McDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MITCHELL TYLER,<br>    Plaintiff, | ) <br> ) <br> ) | Civil Action No. 7:09-cv-00174 |
| v. | ) <br> ) | **MEMORANDUM OPINION** |
| BRYAN WATSON, et al.,<br>    Defendants. | ) <br> ) <br> ) | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

Plaintiff Mitchell Tyler, a Virginia inmate proceeding pro se, filed a motion for a temporary restraining order and preliminary injunction to protect him during the pendency of his civil rights complaint filed pursuant to 42 U.S.C. § 1983. Tyler names as defendants Bryan Watson, Warden of the Wallens Ridge State Prison ("WARSP"), and Lieutenant Still, Lieutenant Schlobolm, and Sergeant Ely, correctional officers at the WARSP. Tyler alleges that the defendants violated his Eighth Amendment right to be free from cruel and unusual punishment. After reviewing Tyler's submissions, I deny his motion for a temporary restraining order and preliminary injunction.

I.

Tyler alleges the following relevant facts in his declaration of support for his motion for a temporary restraining order and preliminary injunction. (Mot. (docket #8) 1.) The defendants strip searched Tyler in February 2008 in the "freezing cold," and Tyler subsequently experienced "numbness and chilliness" all over his body. (Id.) Tyler does not have a history of being a violent inmate within the Virginia Department of Corrections ("VDOC"). Tyler states that he needs the order because he is a low-level security inmate, has "been subjected to a prolonged recommended transfer (for over a year) without any justifications," and this act constitutes harassment. (Id. 1-2.) Tyler requests that I order the defendants to transfer him to a lower

security-level institution so he is not subjected to any further harassment. (Id. 3.)

II.

The issuance or denial of a preliminary injunction or a temporary restraining order "is committed to the sound discretion of the trial court." Quince Orchard Valley Citizens Ass'n, Inc v. Hodel, 872 F.2d 75, 78 (4th Cir. 1989). The primary purpose of injunctive relief is to preserve the status quo pending a resolution on the merits. Injunctive relief which changes the status quo pending trial is limited to cases where "the exigencies of the situation demand such relief." Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980).

I may issue a temporary restraining order without notice to the adverse party only if specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the complainant before the adverse party can be heard in opposition. Fed. R. Civ. P. 65(b)(1)(A).[1] I will issue an injunction only if the plaintiff makes a strong showing that irreparable harm will occur if the injunction is denied. Scotts Co. v. United Indus. Corp., 315 F.3d 264, 271 (4th Cir. 2002) (citing Safety-Kleen, Inc. (Pinewood) v. Wyche, 274 F.3d 846, 859 (4th Cir. 2001)). I then apply the balance of hardship test by examining the following three factors: (1) the likelihood of harm to the defendant with an injunction; (2) the plaintiff's likelihood of success on the merits; and (3) the public interest. Blackwelder Furniture Co. v. Seilig Mfg. Co., 550 F.2d 189, 194 (4th Cir. 1977); see Commonwealth of Virginia v. Kelly, 29 F.3d 145, 147 (4th Cir. 1994) (applying Blackwelder test for a temporary restraining

---

[1]The plaintiff must certify in writing any effort made to give notice to the other party and the reasons why notice should not be required, even if the plaintiff is proceeding pro se. Id. at 65(b)(1)(B); see Jourdan v. Jabe, 951 F.2d 108, 109-10 (6th Cir. 1991) (holding that a pro se litigant is not entitled to special consideration with respect to straightforward procedural requirements that a lay person can comprehend as easily as a lawyer). The plaintiff does certify nor discuss whether he attempted to give the defendants notice of his request for a temporary restraining order.

2

order).

Tyler clearly requests that I alter the status quo by ordering the defendants to transfer Tyler to a different correctional facility. However, Tyler fails to strongly show that he will suffer irreparable harm if I deny his request for injunctive relief. Tyler's entire claim revolves around being left in the cold during the winter, but the environmental conditions that Tyler complained of no longer exist in the summer. Tyler does not identify any other risk but merely hypothesizes about a future unidentifiable risk of harm.

If I were to issue Tyler's requested relief, the order would burden the defendants' management of the WARSP and also burden people without any interest in the litigation, including other prison administrators and other inmates. Furthermore, Tyler fails to persuade me that he is likely to succeed on the merits of his claims. Tyler argues that defendants Still and Watson "intentionally did nothing to prevent staff from violating" Tyler's constitutional rights. However, Tyler has not yet established any resulting, recognizable, or serious harm beyond the accusation in his complaint or any right to a transfer. See Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993) (holding that a prisoner must suffer a serious or significant physical or mental injury to be subjected to cruel and unusual punishment); see also Meachum v. Fano, 427 U.S. 215, 224 (1976) (holding that inmates have no constitutional right to be housed in any particular prison or in a prison with less restrictive conditions); Garrett v. Angelone, 940 F. Supp. 933, 943 (W.D. Va. 1996) (holding that Virginia's classification scheme does not create a liberty interest in avoiding classification changes). Tyler also fails to describe any harassment beyond the mere label or conclusion. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (holding that plaintiff must state sufficient factual allegations to raise a right to relief above the

3

speculative level and can not rely on mere labels and conclusions). Finally, the public has an interest in reducing administrative costs incurred for the housing and transfer of a convict who has not yet proven that he is entitled to any redress. Accordingly, I find that Tyler fails to make the requisite showing to issue a temporary restraining order and preliminary injunction, and I deny his request.

III.

For the foregoing reasons, I deny Tyler's motion for a temporary restraining order and preliminary injunction.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff and counsel of record for the defendants.

ENTER: This 23rd day of June, 2009.

*/s/ Jackson L. Kiser*
Senior United States District Judge